UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STERLYNG EDWARD FUNG, et al., Plaintiffs, v. BSI FINANCIAL SERVICES, et al., Defendants. | Case No. 16-cv-07194-JSW **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** Re: Dkt. No. 42 |

Now before the Court is the motion for summary judgment filed by Defendants BSI Financial Services and U.S. Bank National Association as Trustee for the DRRF Trust 2015-1. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the April 13, 2018 hearing is VACATED. For the reasons set forth below, the Court HEREBY GRANTS Defendants' motion for summary judgment.

**BACKGROUND**

On October 25, 2007, Plaintiff Sterlyng Fung executed a deed of trust securing a $728,000 loan. (Dkt. No. 43-1, RJN Ex. A.)[1] The deed of trust encumbered a piece of property on Harrison Street in Oakland, California. (*Id.*) In 2010, Plaintiff stopped making his monthly loan payments, and on December 4, 2013, Quality Loan Service Corporation ("Quality Loan Service"), acting as trustee under the deed of trust, recorded a notice of default. The notice of default indicated that Plaintiff was $302,938.72 in default. (Dkt. No. 44, Spangler Decl. ¶ 7; Dkt. No. 43-1, RJN Ex. C.)

---

[1] Defendants' request for judicial notice, which consists of the deed of trust, the notice of default and trustee's sale, and related filings is GRANTED. Plaintiff's objections to the request for judicial notice are OVERRULED.

On February 5, 2016, Quality Loan Service recorded a Notice of Trustee's Sale. (Dkt. No. 43-1, RJN Ex. D.) This Notice established a sale date of March 2, 2016. (*Id.*)

On March 1, 2016, Plaintiff filed for Chapter 13 bankruptcy, thus resulting in the March 2, 2016 sale date being postponed. (Spangler Decl. ¶ 10; *see also* Dkt. No. 43-1, RJN Ex. F.) On April 14, 2016, Defendant U.S. Bank obtained relief from the bankruptcy automatic stay. *See In re Fung*, No. 16-40556, Dkt. No. 48 (Bankr. N.D. Cal. Apr. 14, 2017). After this, the foreclosure sale was postponed to April 29, 2016. (Spangler Decl. ¶ 10.)

On April 26, 2016, Plaintiff submitted a loan modification application to Defendant BSI Financial Services ("BSI"). (Spangler Decl. ¶ 11; *see also* Dkt. No. 48-1, Fung Decl. ¶ 3.) Plaintiff concedes that he had previously submitted loan modification applications which had been denied. (Fung Decl. ¶ 3.) He asserts, however that his "financial situation had materially improved." (*Id.*) Plaintiff previously attached his April 26, 2016 loan modification application as Exhibit O. (*See* Dkt. No. 40, First Amended Complaint ("FAC"), Ex. O.) This application stated:

> The enclosed loan modification application is materially different from the one previously submitted on February 26, 2016. Mr. Fung's earnings has [sic] increased during the last three months as reflected in his bank statements. His son also lives with him and is employed full time and is willing to contribute his earnings if necessary.

(*Id.*) After submitting his April 26, 2016 application, Plaintiff states he was informed by a BSI representative that his application would not be reviewed because it was submitted within 30 days of the "originally scheduled trustee's sale." (Fung Decl. ¶ 4.)

On April 28, 2016, again the day before the Trustee's sale, Plaintiff Claire Fung filed for Chapter 13 bankruptcy protection. (Spangler Decl. ¶ 12; *see also* Dkt. No. 43-1, RJN Ex. H.) On June 9, 2016, U.S. Bank obtained relief from the bankruptcy automatic stay. *See In re Fung*, No. 16-41149, Dkt. No. 19 (Bankr. N.D. Cal. June 9, 2016). This second bankruptcy filing resulted in the foreclosure sale being postponed. (Spangler Decl. ¶ 12.)

According to the FAC and its attached exhibits, on June 2, 2016, Plaintiffs obtained a temporary restraining order from the Superior Court of California for the County of Alameda prohibiting any foreclosure sale from occurring. (FAC ¶ 16 & Ex. K.) Plaintiffs have alleged

1  (and Defendants do not dispute) that this temporary restraining order was dissolved (and

2  Plaintiffs' motion for a preliminary injunction was denied) on June 21, 2016. (FAC ¶ 17.) The

3  following day, June 22, 2016, the Harrison Street property was sold at public auction. (Spangler

4  Decl. ¶ 13; *see also* Dkt. No. 43-1, RJN Ex. E.)

5  Plaintiffs filed the instant action in December 2016 and alleged a number of causes of

6  action, including wrongful foreclosure and violations of California Civil Code §§ 2923.6, 2923.55,

7  2924g(d). This Court previously dismissed Plaintiffs' wrongful foreclosure cause of action with

8  prejudice. The Court also dismissed Plaintiffs' claims brought under the California Civil Code,

9  but afforded Plaintiffs leave to amend. Plaintiffs filed the FAC on December 11, 2017.

10  Defendants BSI and U.S. Bank have now moved for summary judgment on all of Plaintiffs'

11  claims.[2]

## ANALYSIS

### A. Applicable Legal Standard.

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment, or partial summary judgment, is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue

---

[2] Plaintiffs' counsel asserts that the motion for summary judgment was filed by "Defendant Quality Loan Service Corporation" and that "Defendants BSI Financial Services and U.S. Bank . . . do not join Quality Loan Service's Motion nor have they filed separate summary judgment motions." (Dkt. No. 48, Opposition at 1.) This statement is preposterous. Quality Loan Service Corporation is not, and has never been, a defendant in this action—a fact Plaintiffs' counsel should be well aware. It appears Plaintiffs' counsel bases this statement on the fact that Defendants erroneously entitled their summary judgment brief "Memorandum of Points and Authorities in Support of Quality Loan Service Corporation's Motion for Summary Judgment." However, even a cursory read of the notice of the actual motion or the body of the brief reveals that the motion was, in fact, brought by the Defendants in this action—BSI and U.S. Bank.

3

of material fact. *Celotex*, 477 U.S. at 323; *see also* Fed. R. Civ. P. 56(c). An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once the moving party meets its initial burden, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also* Fed. R. Civ. 56(e). In addition, the party seeking to establish a genuine issue of material fact must take care adequately to point a court to the evidence precluding summary judgment. A court is "'not required to comb the record to find some reason to deny a motion for summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.      Plaintiffs Have Abandoned Their Claims Under Civil Code § 2923.55.**

In their opposition brief, Plaintiffs indicate that they "withdraw" their claims arising under California Civil Code § 2923.55. (Opposition at 9.) The Court thereby deems these claims abandoned and accordingly grants Defendants summary judgment on these claims. *See, e.g.*, *J.A.L. v. Santos*, No. 15-cv-0355-LHK, 2016 WL 913743, at *6 (N.D. Cal. Mar. 10, 2016).

**C.      Defendants Are Entitled to Summary Judgment on Plaintiffs' Dual Tracking Claim.**

Plaintiffs' first cause of action alleges that Defendants violated California Civil Code § 2923.6's prohibition on "dual tracking." Dual tracking occurs where a defendant pursues non-judicial foreclosure of a property while at a completed application for a loan modification is

4

pending. *See, e.g.*, *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1149 (N.D. Cal. 2013) (discussing the practice of dual tracking).

In general, the California Civil Code prevents a lender, mortgage servicer, or other party from recording either a notice of default or trustee's sale or conducting a non-judicial foreclosure while a completed application for a first lien loan modification is pending. *See* Cal. Civ. Code §2923.6(c) (2017). Notably, however, the California legislature recognized the potential for borrowers to abuse the loan modification procedure by filing multiple applications to forestall foreclosure. It accordingly provided the following:

> In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification . . . unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

*Id.* § 2923.6(g). Thus, where a borrower has been previously evaluated for a loan modification, and no material change to the borrower's financial circumstances has occurred, the dual tracking protections contained in section 2923.6 do not apply. *See O'Brien v. Caliber Home Loans, Inc.*, No. 15-cv-02623-JST, 2016 WL 324284, at *3 (N.D. Cal. Jan. 27, 2016).

Plaintiffs base their section 2923.6 claim on Defendants' alleged failure to consider their April 26, 2016 loan modification application. (*See* FAC ¶ 28; *see also* Fung Decl. ¶ 3.) However, Plaintiffs have repeatedly conceded that the April 26, 2016 was not their first loan modification application. (*See* FAC ¶¶ 20, 28; *see also* Fung Decl. ¶ 3 ("On April 26, 2016, I submitted a loan modification application to BSI [F]inancial Services, my loan servicer. Prior applications had been denied.").) Accordingly, unless Plaintiffs can show that their financial circumstances had materially changed since their prior application, Defendants were under no obligation to (1) consider the modification application or (2) otherwise delay foreclosure proceedings.

The Court finds that Plaintiffs have failed to demonstrate the existence of a genuine dispute of material fact as to whether Plaintiffs' April 2016 loan modification was supported by a material change in Plaintiffs' financial circumstances. In support of Plaintiffs' contention that

5

their financial circumstances had materially changed at the time the April 2016 loan modification application was filed, Plaintiff Sterlyng Fung states:

> However, at the time I submitted the April 26, 2016 application, my financial situation had materially improved. I can no longer remember all the ways in which our finances had improved. I do recall that my grown son, who lived with my wife and I at the Subject Property until it was sold in foreclosure, decided to, and did, contribute all his income to the household. My son's income at the time was approximately $2000 per month. That additional income was not reflected on prior loan modification applications.

(Fung Decl. ¶ 3.) Plaintiffs' counsel likewise argues that:

> In a cover letter transmitting the April 26, 2016 application, Plaintiffs pointed to bank statements showing an increase in Mr. Fung's income from the time he submitted his last (reviewed) application in February, 2016 and further stated that their son was now contributing income to the household.

(Opposition at 7.) These assertions, however, do not defeat summary judgment.

First, Plaintiff Sterlyng Fung's vague statement that he "cannot remember" all the ways his financial situation had changed between February 2016 and April 2016 is plainly insufficient. Second, while Plaintiff claims that his son's additional income was not reflected on prior loan modification applications, this is flatly contradicted by the record. Plaintiffs attached both the April 2016 loan modification application and the February 2016 application as Exhibit O and Exhibit N to the FAC, respectively. The April 2016 application included the statement "[Plaintiffs'] son also lives with [Plaintiffs] and is employed full time and is willing to contribute his earnings if necessary." (FAC, Ex. O, at 1.) The prior February 16, 2016 application, however, included a "Letter of Explanation regarding Change in Circumstances" which stated: "My son lives with me and he is working. He has agreed to use his full income as a contributor on my loan." (*Id.*, Ex. N, at 2.) Thus, contrary to Plaintiff Sterlyng Fung's assertion in his declaration, Plaintiffs had presented the son's income in the prior February 2016 application. The inclusion of that income in the April 2016 application therefore cannot constitute a "material change in [Plaintiffs'] financial condition." *See* Cal. Civ. Code § 2923.6(g).

Third, and finally, the Court notes that the April 2016 application also claimed changed financial circumstances because "Mr. Fung's earnings ha[d] increased during the last three months

[of 2016] as reflected in his bank statements." (FAC, Ex. O, at 1.) This is also contradicted by the record. The April 2016 application included bank statements showing that in February 2016, Plaintiff had combined deposits of just under $11,000. (FAC, Ex O, at 9.) The February 2016 application, however, included bank statements showing roughly the same amount of deposits in the 2 months preceding that application. (FAC, Ex. N., at 31 ($10,701.50 in deposits in January 2016); *id.* at 38 ($10,599.94 in deposits in December 2015).)

In their motion for summary judgment, Defendants highlighted how the April 2016 application was not Plaintiffs first application and argued that the FAC relied on a conclusory assertion of materially changed financial conditions. In their opposition, Plaintiffs have failed to demonstrate the existence of a genuine dispute of fact on this question. Rather, Sterlyng Fung's declaration and the exhibits attached to the FAC demonstrate that the April 2016 application was not supported by any documented material change in Plaintiffs' financial condition. Accordingly, the April 2016 application did not trigger section 2923.6's protections, and Defendants are entitled to summary judgment on this claim.

### D. Plaintiffs' Civil Code § 2924g Claim Fails.

Plaintiffs' fourth cause of action alleges a violation of California Civil Code § 2924g(d). This provision provides, in relevant part, that a foreclosure sale may not be conducted within seven days of the expiration or termination of an "injunction, restraining order, or stay that required postponement of the sale." *Id.* The purpose of this provision is to "'provide sufficient time for a trustor to find out when a foreclosure sale is going to occur following the expiration of a court order . . . and provide the trustor with the opportunity to attend the sale and to ensure that his or her interests are protected.'" *Ragland v. U.S. Bank Nat'l Ass'n*, 209 Cal. App. 4th 182, 220 (2012) (quoting *Hicks v. E.T. Legg & Assocs.*, 89 Cal. App. 4th 496, 505 (2001)).

In its prior order dismissing this claim with leave to amend, the Court noted that Plaintiffs had to allege more than a technical violation of the statute to prevail. Rather, the Court informed Plaintiffs that they had to "show that they were prejudiced by the procedural irregularity." (Dkt. No. 39, Order Granting Motion to Dismiss at 12.)

Here, there does not appear to be any dispute that Defendants violated § 2924g(d) by

conducting a non-judicial foreclosure sale on June 22, 2016, only one day after the temporary restraining order in California Superior Court was dissolved. Plaintiffs, however, have failed to show the existence of a genuine dispute of material fact as to whether they were prejudiced by this violation. To the contrary, Defendants have introduced evidence which makes it clear that Plaintiffs were fully aware of the June 22, 2016. (*See* Dkt. No. 45, Louvan Decl. ¶ 8 & Ex. 5 (Plaintiffs June 15, 2016 fax by Plaintiffs requesting that the June 22, 2016 sale be postponed in the event their request for a preliminary injunction was denied).) Because Plaintiffs were aware of the sale date, they have failed to allege the requisite prejudice, and Defendants are entitled to summary judgment on this claim. *See Ragland*, 209 Cal. App. 4th at 220; *cf. Benson v. Ocwen Loan Serv.*, 562 F. App'x 567, 570 (9th Cir. 2014) ("Benson received actual notice of the new sale date, and has not adduced evidence that any failure to make a public announcement deprived him of equity in the property or prevented a qualified person from bidding on the property at the auction.").

**E.     Defendants Are Entitled to Summary Judgment on Plaintiffs' Derivative UCL Claim.**

Plaintiffs' second cause of action alleges a violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* Plaintiffs' UCL claim is derivative of their substantive claims. (*See* Opposition at 9.) In light of the above rulings granting Defendants' motion for summary judgment on these substantive claims, Defendants are also entitled to summary judgment on Plaintiffs' UCL claims.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. A separate judgment shall issue and the Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: March 30, 2018

_____
JEFFREY S. WHITE
United States District Judge